IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SLICK SLIDE LLC | ) | Case Number: |
| 4247 E. Casitas Del Rio | ) | |
| Phoenix, Arizona 85050, | ) | Judge: |
| | ) | |
| Plaintiff, | ) | Magistrate Judge: |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| WICHITA SPORTS FORUM LLC | ) | |
| 2668 N. Greenwich Road | ) | |
| Wichita, Kansas 67226, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Slick Slide LLC ("Slick Slide"), for its Complaint against Defendant Wichita Sports Forum LLC ("Defendant"), states and alleges the following:

## NATURE OF THE ACTION

1.      This is an action for patent infringement, copyright infringement and inducement of copyright infringement, and violation of state law, including laws governing deceptive trade practices, and arises under the patent laws of the United States, codified in Title 35 of the United States Code, the copyright laws of the United States codified in Title 17, and state law.

## THE PARTIES

2.      Plaintiff Slick Slide LLC has a place of business at 4247 E. Casitas Del Rio, Phoenix, Arizona 85050, and is a well-known provider of recreational attractions and equipment, including recreational slides.

3.      Defendant Wichita Sports Forum LLC is a Kansas Limited Liability Company

1

and has a place of business at 2668 N. Greenwich Road, Wichita, Kansas 67226.  Defendant is

the owner of an indoor recreational attractions park, and user of attractions therein.  Defendant

also promotes its indoor recreational attractions park, and promotes the attractions therein.

## JURISDICTION AND VENUE

4.      This is a patent infringement and copyright infringement case arising out of

federal law, and this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C.

§ 1338(a). This is also a case arising out of Kansas state law, and this Court has supplemental

jurisdiction under 28 U.S.C. § 1367.

5.      Venue in this judicial district is appropriate based on 28 U.S.C. § 1400(b), in that

the Defendant resides therein, and the Defendant has committed acts of infringement and has a

regular and established place of business therein.

## BACKGROUND FACTS

6.      Slick Slide is a family-friendly business, providing entertainment for children and

adults in the form of recreational attractions and equipment, including innovative and customized

recreational slides.  Slick Slide has provided its innovative and customized recreational slides

throughout the United States.

7.      Slick Slide incorporates unique technology and innovative designs in its products

to provide a customized experience for its customers.  Slick Slide's products are also customized

to its customers' environment, including amusement parks and water parks.  Slick Slide's

product offerings include indoor and outdoor customized recreational slides.

8.      The slide designs offered by Slick Slide are the original creation of Slick Slide.

By way of example only, Slick Slide's Launch Slide design is an original creation of Slick Slide.

2

9.      Slick Slide's Launch Slide design is protected by United States Design Patent No. D973,821, entitled "Recreational Slide" ("the '821 patent"), which issued from the United States Patent and Trademark Office ("USPTO") on December 27, 2022, to inventor Gary Schmit.  Mr. Schmit assigned the '821 patent to Slick Slide, which at all times relevant to this action has been the owner of the '821 patent. A copy of the '821 patent is attached to this Complaint as Exhibit A.

10.     Slick Slide marks its Launch Slide, including through its website, with the '821 patent.

11.     Slick Slide is the owner of original work, including design information and artwork, relating to the Slick Slide Launch Slide.  Slick Slide used and uses this design information and artwork for the Slick Slide Launch Slide and other slides in connection with its business.

12.     Slick Slide has duly complied with the provisions of the copyright laws of the United States and has secured rights and privileges in and to the design information and artwork described above relating to the Slick Slide Launch Slide.  Slick Slide has Certificates of Registration, duly issued from the Register of Copyrights, pertaining to said design information and artwork.

13.     At all times relevant hereto, Slick Slide has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the design information and artwork that is the subject of the Certificate of Registration attached hereto as Exhibit B.  The deposit material associated with the Certificate of Registration attached hereto as Exhibit B is attached hereto as Exhibit C.

14.     Defendant is the owner of an indoor recreational attractions park and user of attractions therein, and promotes its indoor recreational attractions park and the attractions

3

therein.

15.     In 2022, a third party approached Slick Slide about a potential project associated with Defendant ("the Aviate Project").

16.     In connection with the Aviate Project, the third party enticed Slick Slide to provide a proposal by which Slick Slide would supply recreational slides that would be ultimately purchased and used by Defendant.

17.     Also in connection with the Aviate Project, the third party enticed Slick Slide to provide to the third party engineering and design information associated with the Launch Slide. The third party represented to Slick Slide that the engineering and design information would only be used for marketing purposes.

18.     In about August 2022, Slick Slide did provide to the third party engineering and design information associated with the Launch Slide.  The engineering and design information that Slick Slide provided to the third party included a design proposal for the Aviate Project.

19.     Defendant has used the engineering and design information associated with the Launch Slide.  Defendant made derivative works, or caused and induced others to make derivative works, based on the engineering and design information associated with the Launch Slide.  By way of example only, Defendant used the image disclosed in Exhibit D.  More specifically, the image to the left in Exhibit D is Slick Slide's copyright protected work, and the image to the right in Exhibit D has been used by Defendant.

20.     The third party mentioned above also used the engineering and design information associated with the Launch Slide to design and manufacture recreational slides, or caused and induced others to design and manufacture recreational slides, based on the

engineering and design information associated with the Launch Slide.

21.     The derivative works, and the recreational slides, that the third party created or caused and induced others to create, were for purposes of subterfuge and deception of Slick Slide.  By way of example only, the third party led Slick Slide to believe that Slick Slide was to be the supplier for the Aviate Project.

22.     The third party failed to inform Slick Slide that the derivative works, and the recreational slides, that the third party created or caused and induced others to create, were for purposes of offering for sale and selling recreational slides for the Aviate Project, whereby Slick Slide would not be the supplier.

23.     The third party's subterfuge and deception worked, in that a recreational slide based on the engineering and design information associated with the Launch Slide was designed, engineered, manufactured, offered for sale, and sold in connection with the Aviate Project.

24.     Upon information and belief, Defendant facilitated the aforementioned subterfuge and deception.  By way of example, upon information and belief, Defendant became aware of the subterfuge by the third party and facilitated that subterfuge by proceeding to encourage the use of Slick Slide's engineering and design information through an understanding that it would purchase a recreational slide from the third party based on derivative works created from the engineering and design information associated with the Launch Slide.

25.     In connection with Defendant's acts, and based on its knowledge of Slick Slide and the recreational slide industry generally, Defendant gained knowledge that Slick Slide's Launch Slide design is protected by the '821 patent.

26.     In connection with Defendant's acts, Defendant gained knowledge regarding the

5

design, supply, manufacture, and sale of recreational slides, including slides that are intended to be a copy of Slick Slide's Launch Slide design.

27.    With its knowledge regarding the '821 patent, Defendant induced and caused the design, supply, manufacture, offer for sale, and purchase of a slide that is based on the engineering and design information associated with the Launch Slide, including a slide associated with the Aviate Project.

28.    Defendant did so knowing that the manufacture, offer for sale, and sale of the slide based on the engineering and design information associated with the Launch Slide constitutes infringement of the '821 patent, in part because that slide was intended to be a copy of Slick Slide's Launch Slide.  Defendant also did so knowing that its use of the slide based on the engineering and design information associated with the Launch Slide is an infringement of the '821 patent, in part because the slide was intended to be a copy of Slick Slide's Launch Slide.

29.    Defendant also did so knowing that the derivative works relied upon to promote its slide and use thereof constitutes infringement of the copyright associated with the Launch Slide, in part because the slide was intended to be a copy of Slick Slide's Launch Slide.

30.    Defendant purchased and used the slide disclosed in the image attached hereto as Exhibit E.


## COUNT I – PATENT INFRINGEMENT

31.    The allegations of Paragraphs 1-30 are incorporated by reference as if fully set forth herein. This is an allegation of patent infringement under 35 U.S.C. § 271(a).

32.    Use by Defendant of the recreational slide depicted in the image attached as

6

Exhibit E infringes the '821 patent.  The respective designs of the '821 patent and the recreational slied depicted in the image attached as Exhibit E are substantially the same such that an ordinary observer, confusing one for the other, could be induced to purchase the infringing design.  By way of example only, the '821 patent depicts a novel hood design that encloses the first section of the claimed slide, and that nearly identical feature is found in the image of the accused product in Exhibit E.  In addition, the '821 patent depicts a novel slide exit trajectory at the end of the slide design, and that nearly identical feature is found in the image of the accused products in Exhibit E.

33.    Defendant has infringed infringe the '821 patent by its use of the recreational slide depicted in the image attached hereto as Exhibit E.

34.    Defendant's acts of patent infringement complained of herein are being carried out willfully and with full knowledge of Slick Slide's rights in the '821 patent.  By way of example only, Defendant's acts of patent infringement are being carried out despite having been made aware of the '821 patent through its subterfuge with third parties.

35.    As a result of Defendant's actions, Slick Slide has suffered and continues to suffer substantial injury, including irreparable injury and monetary damage, including but not limited to the loss of sales and profits, which Slick Slide would have made but for the acts of infringement by the Defendant. Such injury and damage to Slick Slide will continue unless Defendant is enjoined by this Court from further infringement.

## COUNT II – COPYRIGHT INFRINGEMENT

36.    This cause of action arises under the copyright laws of the United States, Title 17

United States Code.

37.    The allegations of 1-35 are incorporated by reference as if fully set forth herein.

38.    Slick Slide is the owner of original work, including design information and artwork, and uses this design information and artwork for the Slick Slide Launch Slide.

39.    The Slick Slide Launch Slide design information and artwork used by Defendant in connection with its business is a reproduction, counterfeit, copy, and/or derivation of Slick Slide's original and copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

40.    Slick Slide has duly complied with the provisions of the copyright laws of the United States and has secured rights and privileges in and to the design information and artwork described above relating to the Slick Slide Launch Slide.  Slick Slide has a Certificate of Registration, duly issued from the Register of Copyrights, pertaining to said design information and artwork. (See Certificate of Registration, attached hereto as Exhibit B).  At all times relevant hereto, Slick Slide has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the design information and artwork that is the subject of the Certificate of Registration attached hereto as Exhibit B.

41.    All of the acts of the Defendant as set forth in the preceding paragraphs are without permission, license, or consent of Slick Slide.  These acts have and will cause serious and irreparable damage to Slick Slide for which Slick Slide is without adequate remedy at law.

42.    Such acts include the creation and use of the image attached hereto as Exhibit D.

## COUNT III – INDUCEMENT OF COPYRIGHT INFRINGEMENT

43.     This cause of action arises under the copyright laws of the United States, Title 17 United States Code.

44.     The allegations of 1-42 are incorporated by reference as if fully set forth herein.

45.     Slick Slide is the owner of original work, including design information and artwork, and uses this design information and artwork for the Slick Slide Launch Slide.

46.     The Slick Slide Launch Slide design information and artwork used by Defendant in connection with its business is a reproduction, counterfeit, copy, and/or derivation of Slick Slide's original and copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

47.     Slick Slide has duly complied with the provisions of the copyright laws of the United States and has secured rights and privileges in and to the design information and artwork described above relating to the Slick Slide Launch Slide.  Slick Slide has a Certificate of Registration, duly issued from the Register of Copyrights, pertaining to said design information and artwork. (See Certificate of Registration, attached hereto as Exhibit B).  At all times relevant hereto, Slick Slide has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the design information and artwork that is the subject of the Certificate of Registration attached hereto as Exhibit B.

48.     Defendant caused and induced others to make derivative works based on the engineering and design information associated with the Launch Slide.  Defendant also did so

9

knowing that the derivative works relied upon to manufacture, offer for sale, and sell the slide based on the engineering and design information associated with the Launch Slide constitutes infringement of the copyrights associated with the Launch slide, in part because the slide was intended to be a copy of Slick Slide's Launch Slide.  This includes the slide depicted in the image attached hereto as Exhibit E.

49.     All of the acts of the Defendant as set forth in the preceding paragraphs are without permission, license, or consent of Slick Slide.  These acts have and will cause serious and irreparable damage to Slick Slide for which Slick Slide is without adequate remedy at law.


## COUNT IV – UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES BASED ON STATE LAW

50.     This cause of action arises under state law.

51.     The allegations of 1-49 are incorporated by reference as if fully set forth herein.

52.     In connection with the Aviate Project discussed herein, Defendant facilitated the copying of Slick Slide's designs, copied Slick Slide's designs, facilitated the creation of derivative works, created derivative works, and participated in a scheme to engage in patent infringement and copyright infringement.

53.     Such conduct constitutes a violation of Kan. Stat. Ann. § 50-626 of the Kansas Consumer Protection Act, which prohibits deceptive acts and practices.


WHEREFORE, Slick Slide prays for the following relief against Defendant:

A.     That a judgment be entered against Defendant, that the Defendant has infringed United States Design Patent No. D973,821.

B.      That Defendant, its agents, sales representatives, servants and employees, associates, attorneys, parents, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with any or all of them, be enjoined and permanently restrained from further infringing United States Design Patent No. D973,821.

C.      That a judgment be entered requiring Defendant to pay to Slick Slide monetary damages sustained by Slick Slide due to such acts of infringement, including lost profits or reasonable royalty under 35 U.S.C. § 284, or alternatively, the Defendant's total profit under 35 U.S.C. § 289.

D.      That such damages payable to Slick Slide be trebled under 35 U.S.C. § 284 for willful infringement.

E.      That this case be adjudged and decreed exceptional under 35 U.S.C. § 285, and that Slick Slide be awarded its reasonable attorney fees.

F.      That Slick Slide be awarded its costs and prejudgment interest on all damages.

G.      That this Court enter a decree holding that Defendant has infringed Slick Slide's copyrights.

H.      That Defendant be preliminarily and permanently enjoined and restrained from any use of Slick Slide's copyright materials, including but not limited to in connection with the use of recreational slides, and from any other acts which will injure or be likely to injure Slick Slide.

I.      That Defendant be ordered to deliver up for destruction all materials containing Slick Slide's original artwork, and to discontinue use of such materials.

J.      That Defendant be ordered to file with this Court and serve on Slick Slide within

thirty (30) days after entry of the final judgment of this cause a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the final judgment.

K.      That Slick Slide be awarded all profits realized by Defendant, and all costs saved by Defendant, and all damages sustained by Slick Slide, by reason of Defendant's copyright infringement.

L.      That Slick Slide be awarded such other and further relief as the Court deems just and proper.

## **<u>JURY DEMAND</u>**

Slick Slide hereby demands and requests trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

Dated: <u>December 18, 2023</u>

<u>s/Michael B. Hurd</u>
Michael B. Hurd (KS 12521)
Hovey Williams LLP
10801 Mastin Blvd. Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
Email: mhurd@hoveywilliams.com
Telephone: 913-647-9050
Facsimile:  913-647-9057

Brett A. Schatz (*Pro Hac Vice* in Process)
(Ohio 0072038)
WOOD, HERRON & EVANS, L.L.P.
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Email: bschatz@whe-law.com
Telephone:  (513) 241-2324
Facsimile:  (513) 241-2634

Attorneys for Plaintiff
Slick Slide LLC